UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

TZIPPA WEINBERGER,

                            Plaintiff,

      -against-

CITIBANK, N.A.,

                            Defendants.

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, TZIPPA WEINBERGER ("Plaintiffs"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant, CITIBANK, N.A. (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff TZIPPA WEINBERGER is a resident of the State of New Jersey, residing at 101 East Harvard Road, Lakewood, New Jersey 08701.

3. Defendant CITIBANK, N.A. is an NEW YORK corporation with an address located at 399 PARK AVENUE NEW YORK, NY 10043.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC Section 227 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about February 26th, 2016, Defendant began communicating with Plaintiff by means of autodialed telephone calls and text messages to the Plaintiff's mobile telephone numbers of 732 -282-4710 and 732-279-5765.

8. On March 18th, 2016, the Plaintiff's husband called into the Defendant and was connected with a male representative whose name was "Tayler". Mr. Weinberger gave the phone number and his social security number to access the account.

9. The representative found the account and asked for Mr. Weinberger's date of birth.

10. Mr. Weinberger asked how much he owed on the account.

11. The representative gave Mr. Weinberger the current information and the past due amount that was owed of $27.00.

12. Mr. Weinberger asked why he owed so much and the representative stated it was due to the missed payment.

13. Mr. Weinberger asked the representative if he could change the payment schedule so he would not be late with his payments.

14. The representative stated he could not do that now. If Mr. Weinberger could pay off the overdue payment and make the account current, he would be able to send him to customer service and they could then do that for him.

15. Mr. Weinberger said he was not going to do that now. However, he said he would like to have the automated calls and texts made to his phones by Defendant cease immediately.

16. The representative stated he will note on his account that Plaintiff does not want any more phone calls or texts to be made.

17. Mr. Weinberger said he did not mind being contacted, but that he would just like to be contacted by a live person.

18. The representative stated that he could not notate in the account to have just a live person call. If he was to keep the phone numbers on record, then Mr. Weinberger would continue to receive automated and text calls to his phones. He offered to have the calls limited to one call, stating that there was an option to do that.

19. Mr. Weinberger said no thank you. He did not want any automated calls or texts, just calls from a live representative.

20. The representative reiterated there was no real option to make a notation to just have a live person make the calls and he would continue to get calls with an autodialer. However, he will make a notation about the request.

21. Mr. Weinberger said ok, my request has been made, and asked for the balances on his account again.

22. The representative gave Mr. Weinberger his account information and the call was concluded

23. Despite Mr. Weinberger's request, per the phone call placed to the defendant March 18th, 2016, the Plaintiff continued to receive autodialed calls and texts on both her phones from the Defendant which continued until July 24th, 2016 which in total accurmulated to 1050 texts and 26 calls.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

26. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent

of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

27. Defendant is in violation of the TCPA paragraphs 139 (3), having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

28. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

29. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For statutory damages provided and pursuant to 47 USC Section 227 et. Seq.;

B For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

  C. A declaration that the Defendant's practices violated the TCPA;

  D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: July 10, 2017

        Respectfully submitted,

        _____
        Edward B. Geller, Esq.
        Edward B. Geller, Esq., P.C., Of Counsel to
        M. Harvey Rephen & Associates, P.C.
        15 Landing Way
        Bronx, New York  10464
        Tel:(914)473-6783

        *Attorney for the Plaintiff* TZIPPA WEINBERGER

To: CITIBANK
   399 PARK AVE
   NEW YORK, NY 10043
   *(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*